IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES TANKERSLEY, | |
| Plaintiff, | Case No. _____ |
| v. | |
| UNITED PARCEL SERVICE, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff Charles "Ross" Tankersley (hereinafter "Plaintiff"), in his Complaint against Defendant United Parcel Service, Inc. (hereinafter "Defendant"), showing the Court as follows.

1.

This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621, *et seq*. ("ADEA").

## PARTIES

2.

Plaintiff is a resident of the state of Georgia who lives at 1171 Calls Creek

1

Circle, Watkinsville, Georgia 30677. Plaintiff is a former employee of Defendant United Parcel Service, Inc. who worked for Defendant from September 8, 2003 to November 9, 2020.

3.

Defendant United Parcel Service, Inc. is a publicly traded Delaware corporation headquartered in Atlanta, Georgia and may be served at its principal place of business located at 55 Glenlake Parkway, Atlanta, Georgia 30328.

4.

Defendant does business in this district, and the harms alleged occurred in this district, via offices located in this district.

5.

Defendant has more than fifteen (15) or more employees and is subject to actions of this kind and nature.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over Plaintiff's claims, based upon Plaintiff's Title VII and ADEA allegations pursuant to 28 U.S.C. §§ 1331 & 1337. Venue is proper under 28 U.S.C. § 1391(b) & (c).

7.

All conditions precedent to the institution of this suit have been fulfilled. Plaintiff has timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said Notice.

**FACTS**

8.

Plaintiff worked for Defendant for 17 years, rising through the ranks and achieving success supervising other employees in his Gainesville Center Manager role. At all times, Plaintiff was hard working and gave over 100% to his team and his employer.

9.

For the first time during his tenure with Defendant, Plaintiff was approached in May 2020 about charges on his expense report allegedly not containing adequate information. Plaintiff was interviewed about certain business expenses from July 2019 and February 2020.

10.

Plaintiff was not accused of theft, fraud, or other misuse of his company AMEX® card. Plaintiff had not used his business AMEX® card in an inappropriate

manner nor had he submitted any impermissible or unapproved expenses. All of Plaintiff's expenses submitted then being questioned had all been approved by Plaintiff's managers.

11.

The hour-long interrogation of Plaintiff in May 2020 ended with Defendant reminding Plaintiff of the need for inclusion of detailed explanations with every business expense and Plaintiff agreed to be more detailed in his expense reporting going forward. Plaintiff's subsequently-submitted expense reports included all requested and required detail.

12.

Nearly three months later on August 6, 2020, Defendant notified Plaintiff that his employment was terminated resulting from the expense reporting investigation.

13.

Plaintiff immediately disputed his termination through the UPS Employee Dispute Resolution Program. Through the program, Plaintiff's termination was overturned and he was to be reinstated.

14.

However, UPS refused to reinstate Plaintiff to his position as Center Manager at Gainesville, Georgia. Instead, UPS offered Plaintiff a position fifty (50) miles

from his home. This distance was not workable for Plaintiff and he insisted that he be reinstated to his prior position as Center Manager in Gainesville, per the Employee Dispute Resolution Program.

15.

A female employee, Jillian Poppe, who is upon information and belief in her twenties (20s), had been terminated for the exact same reason as Plaintiff. Upon information and belief, UPS reinstated Poppe to her same location.

16.

UPS finally denied Plaintiff's reinstatement, resulting in his termination on November 9, 2020.

17.

Defendant's failure to reinstate Plaintiff to his position and location was discriminatory and caused considerable financial harm to Plaintiff due to the loss in wages and was a great source of professional embarrassment and emotional distress to Plaintiff.

**COUNT ONE — TITLE VII VIOLATION**

18.

Plaintiff realleges the above paragraphs 1-17 and herein incorporates them by reference to this count.

19.

Defendant is an employer within the meaning of Title VII, 42 U.S.C. 2000e, which applies to all private employers.

20.

Plaintiff was an employee covered by Title VII.

21.

Defendant's discriminatory actions against Plaintiff on the basis of his gender as stated above, constitute a violation of Title VII.

22.

Due to Defendants' unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

## COUNT TWO — AGE DISCRIMINATION IN EMPLOYMENT ACT VIOLATION

23.

Plaintiff realleges the above paragraphs 1-22 and herein incorporates them by reference to this count.

24.

Defendant is an employer covered by the ADEA.

25.

Plaintiff was an employee subject to the protection of the ADEA. While Plaintiff was not yet 40 years old at the time of his termination in November 2020, the Eleventh Circuit Court of Appeals recognizes that even a seven-year difference in age qualifies as "substantially younger" for purposes of age discrimination claims under ADEA.  *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298-99 (11th Cir. 2015).

26.

Defendant's discriminatory actions against Plaintiff by refusing to reinstate him to his position and location as it had with a younger female similarly-situated employee as stated above, constitutes a violation of the Age Discrimination in Employment Act.

27.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the

following relief:

    (a)    A trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), for all issues so triable;

    (b)    Find that Defendant are liable to Plaintiff for their Title VII violations for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

    (c)    Find that Defendant are liable to Plaintiff for their Age Discrimination in Employment Act violations for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

    (d)    Award Plaintiff his reasonable attorneys' fees and costs of litigation; and

    (e)    Any and other such relief that this Honorable Court or the factfinder deems equitable and just.

Respectfully submitted this 23rd day of September, 2021.

                                                                     */s/ Nancy B. Pridgen*
                                                                       Nancy B. Pridgen, Esq.
                                                                       Georgia Bar No. 587949
                                                                       Leslie M. Bassett, Esq.
                                                                       Georgia Bar No. 477037

PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, Georgia  30075
(404) 551-5884 direct
(678) 812-3654 facsimile
nancy@pridgenbassett.com
leslie@pridgenbassett.com

*Counsel for Plaintiff*

9